# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2022

Lyle W. Cayce
Clerk

No. 21-60262
Summary Calendar

———————

Ledvi Lineveth Tabora-Mejia; Lesvi Alejandra Tabora-Andrade,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 279 148
Agency No. A209 279 147

———————

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

    Ledvi Lineveth Tabora-Mejia and Lesvi Alejandra Tabora-Andrade (Lesvi), natives and citizens of Honduras, petition for review of the decision of the Board of Immigration Appeals (BIA) affirming without opinion the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

immigration judge's (IJ) order denying their application for asylum and withholding of removal. Lesvi, Tabora-Mejia's daughter, seeks derivative asylum as a rider on Tabora-Mejia's application.

Because the BIA affirmed without an opinion, the IJ's decision became the final agency decision for our review. *See Soadjede v. Ashcroft*, 324 F.3d 830, 831–32 (5th Cir. 2003). We review the IJ's factual findings for substantial evidence, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and we review questions of law de novo. *See Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Tabora-Mejia failed to exhaust before the BIA, and we therefore lack jurisdiction to consider her arguments (1) that the IJ failed to consider her particular social groups (PSGs) individually and did not conduct a sufficiently thorough analysis of the asylum claim under the framework set forth in *Matter of M-E-V-G-*, 26 I & N Dec. 227, 251–52 (BIA 2014); (2) that the BIA erred by affirming the IJ's decision without an opinion, thereby compounding the aforementioned errors and violating the requirement that the BIA conduct a rigorous analysis; and (3) that the test set forth in *M-E-V-G-* for determining the validity of PSGs is, itself, conceptually flawed. *See* 8 U.S.C. § 1252(d)(1); *Martinez-Guevara v. Garland*, 27 F.4th 353, 359–61 (5th Cir. 2022).

We agree with the IJ that Tabora-Mejia's proposed PSGs— "Honduran mothers opposed to gang member harassment of their daughters," and "Honduran women opposed to objectification by gang members"—are invalid because they lack the requisite particularity and social visibility, *see Orellana-Monson v. Holder*, 685 F.3d 511, 521–22 (5th Cir. 2012), and do not exist independently of the harm asserted, *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019). Because Tabora-Mejia failed to establish a cognizable PSG, she cannot satisfy the requirements for asylum or withholding of removal. *See Zhang*, 432 F.3d at 344.

No. 21-60262

The petition for review is DENIED IN PART and DISMISSED IN PART.